IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Laurence Bartell and Jerry Stauffer, | : | |
| Plaintiffs | : | Civil Action 2:14-cv-00401 |
| v. | : | Judge Sargus |
| LTE Club Operations Company, Inc., | : | Magistrate Judge Abel |
| Defendant | : | |

## Amended Scheduling Order

On July 14, 2014, counsel for the parties participated in a telephone scheduling conference with the Magistrate Judge.

<u>Nature of suit</u>. The complaint contains the following allegations Defendant LTE Club Operations Company, Inc.'s ("LTF") form contracts that require club members to prepay fees and dues do not comply with the requirements and consumer protection safeguards of Ohio's Prepaid Entertainment Contract Act, O.R.C. §§ 1345.41-1345.50, and violate the Ohio Consumer Sales Practices Act. Claims are also pleaded for conversion and unjust enrichment. LTF's standard-form contracts do not include cancellation terms and conditions or an easily detachable notice of cancellation. The contracts fail to inform buyers of the right to cancel and misrepresent a buyer's right to cancel. LTF fails to honor cancellation notices.

<u>Motion to dismiss</u>. On June 4, 2014, defendant file a motion to dismiss (doc. 8) arguing that the complaint fails to state any claim for relief.

<u>Motion to stay</u>. Defendant's July 11, 2014 motion to stay discovery (doc. 15) is DENIED without prejudice to renewing it if LTF maintains discovery served by plaintiff is burdensome and counsel are unable to informally resolve their dispute about what

discovery should go forward while the parties are waiting for a decision on the June 4 motion to dismiss.

If the discovery sought is relevant, under Rule 26(b)(2)(C)(i) the court may nonetheless limit discovery that is unreasonably cumulative, duplicative, or "obtainable from some other source that is more convenient, less burdensome, or less expensive . . . ." The court may also consider whether the "burden or expense of the proposed discovery, outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, a party's resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Rule 26(b)(2)(C)(iii), Fed. R. Civ. P. Moreover, the court has the power to issue a protective order to prevent a party or third party to the litigation from experiencing "annoyance, embarrassment, oppression, or undue burden or expense" of discovery.

Counsel should be prepared to address the applicability of Rule 26(b)(2)(C)(i)-(iii). If defendants maintain that any of the discovery requests are burdensome, as to each such request it should provide me with affidavits and/or other evidence setting out the facts supporting that position. I will need factual information about how documents containing information responsive to specific discovery requests or groups of discovery requests are stored, how those documents can be accessed, what steps would be required to locate and search each document for the requested information, the number of employees who would be needed to access the documents, the hourly rates those employees would be paid, and the like. Similarly, if arguments are made asserting that the information sought is duplicative or more readily obtained from

another source, counsel should support their positions with facts.

      <u>Amended Scheduling Order</u>. All discovery must be completed on or before **July 30, 2015.** Any case-dispositive motions must be filed on or before **August 30, 2015.** However, I recognize that it may not be cost efficient to conduct some or, perhaps, any depositions until after the court rules on the recently filed motion to dismiss. Further, if the court grants plaintiffs' anticipated motion to certify a class, additional time may run before counsel are in a position to take additional merits discovery once members of the class join this lawsuit.

      <u>Status Report Due</u>.  For these reasons, counsel are DIRECTED to call my office (614.719.3370) **within 14 days of any decision denying defendant's June 4, 2014 motion to dismiss (doc. 8)** to schedule a telephone conference with me to discuss whether amendments to the July 3, 2014 Preliminary Pretrial Order (doc. 14) and this Scheduling Order are needed.

                                                                                 <u>s/Mark R. Abel</u>
                                                                                 United States Magistrate Judge