**Exhibit 1**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **LAURENCE BARTELL**, *et al.*, : | |
| : | Case No. 2:14-cv-00401 |
| Individually and on behalf of all : | |
| others similarly situated, : | Judge Michael H. Watson |
| : | |
| *Plaintiffs*, : | |
| : | |
| v. : | |
| : | |
| **LTF CLUB OPERATIONS COMPANY**, : | |
| **INC.**, : | |
| : | |
| *Defendant*. : | |

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

WHEREAS Plaintiffs and Defendant have entered into a Settlement Agreement and Release with Exhibits (collectively, the "Settlement Agreement"), dated January 21, 2020, to settle this class action in the above-captioned matter (the "Action"); and

WHEREAS the Court entered an Order dated February 24, 2020, (the "Preliminary Approval Order"), preliminarily approving the settlement consistent with Fed. R. Civ. P. 23 and ordering notice be sent to the Class Members, scheduling a Final Approval Hearing for July 9, 2020, and providing the Class Members with an opportunity either to participate in the settlement, exclude themselves from the settlement, or object to the proposed settlement; and

WHEREAS, the commencements of notice was altered and the Final Approval Hearing was rescheduled due to the COVID-19 pandemic in an Order dated May 13, 2020; and

WHEREAS, a notice of Settlement was mailed to government officials, as required by the Class Action Fairness Act, 28 U.S.C. § 1715; and

WHEREAS the Court held a Final Approval Hearing on July 30, 2020 to determine whether to give final approval to the proposed settlement;

NOW, THEREFORE, based on the submissions of the Parties and Plaintiff Class Members, on the information provided at the Final Approval Hearing, and on this Court's findings and conclusions, it is hereby

**ORDERED, ADJUDGED AND DECREED,** as follows:

1. **Incorporation of Other Documents**. This Final Order Approving Class Action Settlement incorporates fully and completely the Settlement Agreement as if fully re-written here. Unless otherwise provided herein, all defined terms from the Settlement Agreement shall have the same meaning in this Final Approval Order.

2. **Jurisdiction**. Because adequate notice has been disseminated and all potential Class Members have been given the opportunity to opt-out of this Action, the Court has personal jurisdiction with respect to the state law and common law claims of all Settlement Class Members. The Court has subject-matter jurisdiction over this Action pursuant to 28 U.S.C. §§ 1332, 1441, and 1453, including jurisdiction to approve the proposed settlement, grant certification of the Class, and dismiss the Action on the merits with prejudice.

3. **Class Certification**. The Class is certified for settlement purposes, under Fed. R. Civ. P. 23(b)(3), the Court finding that the Class satisfies the applicable requirements of Fed. R. Civ. P. 23 and due process.

   a. The "Class" includes all who: (1) joined a Life Time health and fitness center operated in Ohio ("Life Time Centers") prior to May 27, 2015; (2) cancelled their membership between March 25, 2012 and September 24, 2016; and (3) paid net

joining fees and dues to Defendant in an amount greater than $0.00. Excluded from the Class are 1) all executives, officers, and board members of Defendant; 2) all persons employed by Class Counsel; 3) all employees of Judge Watson's chambers and members of his immediate family; and 4) those members of the Settlement Class that submitted a timely and valid Request for Exclusion. The total number of Class members is approximately 60,151 persons.

    b. No member of the Settlement Class has submitted a Request for Exclusion.

4. **Adequacy of Representation**. Class Counsel and the Class Representative have fully and adequately represented the Class for purposes of litigating this matter and in entering into and implementing the Settlement Agreement and have satisfied the requirements of Fed. R. Civ. P. 23(a)(4).

5. **Class Notice**. The Court finds that all notice requirements, and follow-up procedures, have been implemented pursuant to the Settlement Agreement and this Court's Preliminary Approval Order and that they:

    a. constituted the best practicable notice to Class Members under the circumstances of this Action;

    b. constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of this Action, (ii) the terms and conditions of the Settlement Agreement, their rights thereunder, and instructions on how to submit, and the timetable for submission of, a Claim Form, (iii) their right to exclude themselves from the Class and the proposed settlement and submit a Request for Exclusion, (iv) their right to object to any aspect of the proposed settlement (including final certification of the settlement Class, the fairness, reasonableness, or adequacy of the proposed

      settlement, the adequacy of the Class's representation by the Class Representative or Class Counsel, and/or the award of attorneys' fees and costs and the service award to the Class Representative), (v) their right to appear at the Final Approval Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Class, and (vi) the binding effect of the Orders and Judgment in this Action, whether favorable or unfavorable, on all persons who do not file a Request for Exclusion;

    c.    constituted notice that was reasonable, adequate, and sufficient notice to all persons and entities entitled to be provided with notice; and

    d.    constituted notice that fully satisfied the requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c)(2) and (e)), and the United States Constitution (including the Due Process Clause), and any other applicable law.

6.    **CAFA Notice**.  Defendant complied with the notice requirements in the Class Action Fairness Act, 28 U.S.C. § 1715. The Court's docket shows that no Attorney General objected to the Settlement Agreement or otherwise attempted to intervene or participate in the Action or the Fairness Hearing following receipt of the Class Action Fairness Act notice.

7.    **Final Settlement Approval**.  The terms and provisions of the Settlement Agreement have been entered into in good faith and are fully and finally approved as fair, reasonable, and adequate, and in the best interests of each of the Parties and Settlement Class Members.  The Parties and Settlement Class Members are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

8.    **Binding Effect**.  The terms of the Settlement Agreement and this Final Order and the accompanying Final Judgment are binding on the Parties, the Class Representative, all other Settlement Class Members as well as their heirs, executors, and administrators, successors and

assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve matters that were or could have been raised in this Action and are encompassed in the Release of Claims set forth in the Settlement Agreement.

9.      **Releases.**  The Class Representative and all Settlement Class Members shall be bound by the Release of Claims in Section 13.01 of the Settlement Agreement, which provides:

> As of the Effective Date, the Class Representative and each Settlement Class Member, as well as their respective assigns, heirs, executors, administrators, successors and agents, hereby release, resolve, relinquish, and discharge each and all of the Released Parties from each of the Released Claims. "Released Claims" include any and all claims, demands, actions, causes of action, rights, offsets, suits, damages (whether general, special, punitive, or multiple), lawsuits, liens, costs, losses, expenses, penalties, or liabilities of any kind whatsoever, for any relief whatsoever, including monetary, injunctive, or declaratory relief, or for reimbursement of attorneys' fees, costs, or expenses, whether known or unknown, whether direct or indirect (whether by assignment or otherwise), whether under federal, state, or local law, whether alleged or not alleged in the Action, whether suspected or unsuspected, or whether contingent or vested, that arise out of or are related to the factual allegations of, or are based on the same factual predicates as alleged in, the Action's First Amended Complaint. This specifically includes the alleged claims for breach of contract, unjust enrichment, misrepresentation, and/or violations of consumer protection acts or prepaid entertainment contract statutes/health spa acts resulting from Defendant's sales, communications, contracting, billing, and/or cancellations of any membership or service

contracts. The Class Representative also gives Defendant a general release. The Court expressly adopts all defined terms in the Settlement Agreement, including, but not limited to, the definition of Released Claims, Released Parties, and the Class Representative.

10. **Permanent Injunction.**  All Settlement Class Members are barred and enjoined from (i) filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other claim, lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction based on, arising out of, or relating to the claims and causes of action in this Action and/or the Released Claims; (ii) raising as a defense to any claim brought against them for repayment of a loan any of the claims or causes of action in the Action and/or the Released Claims; and (iii) organizing or soliciting the participation of any Class Members into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) any claim, lawsuit, or other proceeding based on, arising out of, or relating to the claims and causes of action or the facts and circumstances relating thereto, in this Action and/or the Released Claims.  The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the Action and to protect and effectuate the Court's Final Approval Order and Final Judgment.

11. **Enforcement of Settlement.**  Nothing in this Final Approval Order or the Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

12. **Attorneys' Fees and Expenses and Incentive Payments.**  Class Counsel are hereby awarded attorneys' fees and reimbursement of their costs and expenses in the total amount of $----------- to be paid from the Settlement Fund pursuant to the terms of the Settlement Agreement.  In

6

addition, the Court hereby awards to Class Representative Laurence Bartell $------- for service and assistance to the Class. As set forth in the Settlement Agreement, attorneys' fees and costs and the Class Representative's service award shall be paid from the Settlement Fund prior to the Claims Administrator's calculation of the Cash Awards and Dues Credit Awards provided to each Settlement Class Member.

13. **Claims Administrator Payment.** The Claims Administrator shall be paid from the Settlement Fund prior to the Claims Administrator's calculation of the Cash Awards and Dues Credit Awards provided to each Settlement Class Member.

14. **Settlement Fund**. Defendant shall contribute to the Settlement Fund of $14,000,000 as calculated in, and in accordance with, the terms of the Settlement Agreement. The Claims Administrator shall then distribute the Settlement Fund and Consideration in accordance with the terms of the Settlement Agreement and this Final Order Approving the Settlement.

15. **Retention of Jurisdiction.** The Court has jurisdiction to enter this Final Approval Order and the accompanying Final Judgment. This Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order and the accompanying Final Judgment, and for any other necessary purpose, including, without limitation,

    (a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims, or causes of action in the Action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Final Approval Order, or the Final Judgment (including, without limitation, whether a person or entity is or is not a Settlement Class Member; whether claims or causes of action

allegedly related to this case are or are not barred by this Final Approval Order and the Final Judgment);

(b) entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Approval Order and the Final Judgment approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Settlement Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

(c) entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction.

16. **No Admissions.**  Neither this Final Approval Order and the accompanying Final Judgment nor the Settlement Agreement (nor any other document referred to here, or any action taken to carry out this Final Approval Order and the Final Judgment) is, may be construed as, or may be used as, an admission or concession by or against the Defendant or the Released Parties of the validity of any claim or any actual or potential fault, wrongdoing or liability.  Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed evidence of, an admission or concession as to the Defendant's denials or defenses and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Approval Order and Final Judgment and the Settlement Agreement; *provided, however*, that this Final Approval Order, the accompanying Final Judgment, and the Settlement Agreement may be filed in any action against or

8

by the Defendant or the Released Parties to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

17. **Dismissal of the Action.** This Action, including all individual and Class claims resolved in it, is dismissed on the merits and with prejudice against the Class Representative and all other Settlement Class Members, without fees or costs to any party or non-party except as otherwise provided in this Order and the Final Judgment.

18. **Rule 58 Separate Judgment.** The Court will separately enter the accompanying Final Judgment in accordance with Fed. R. Civ. P. 58.

SO ORDERED this _____ day of _____, 20\_\_.

_____
HONORABLE MICHAEL H. WATSON
UNITED STATES DISTRICT COURT JUDGE,
SOUTHERN DISTRICT OF OHIO