**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**LAURENCE BARTELL**, *et al.*,

Individually and on behalf of all
others similarly situated,

        Plaintiffs,

  v.

**LTF CLUB OPERATIONS COMPANY, INC.**,

        Defendant.

Case No. 2:14-cv-00401

Judge Michael H. Watson

Magistrate Judge Jolson

### ORDER REGARDING QUALIFIED SETTLEMENT FUND

This matter comes before the Court on the parties' joint request to establish a "Qualified Settlement Fund" within the meaning of 26 C.F.R. § 1.468B-1 to resolve the claims of Class Members receiving distributions of Cash Awards of $600 or more (the "Qualifying Awards")[1]; and (2) to adjust the schedule for the distribution of the Qualifying Awards to account for the solicitation and collection of W-9s from Class Members where necessary.

NOW, THEREFORE, the Court hereby FINDS, CONCLUDES, AND ORDERS:

1.    The parties' joint request is **GRANTED** in full.

---

[1] All capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. Under 26 C.F.R. §§ 1.468B-1(c) and (e)(1), the Court approves the use of a Qualified Settlement Fund to resolve the legal claims of Class Members receiving distributions of Qualifying Awards. The Claims Administrator is authorized to establish the Qualified Settlement Fund, to act as the "administrator" of the Fund pursuant to 26 C.F.R. § 1.468B-2(k)(3), and to undertake all duties as administrator in accordance with all Treasury Regulations promulgated under § 1.468B of the Internal Revenue Code of 1986. All costs incurred by the Claims Administrator operating as administrator of the Qualified Settlement Fund shall be construed as costs of Claims Administration and shall be borne solely by the Qualified Settlement Fund.

3. The Claims Administrator shall proceed with the following schedule. For any Class Members with Qualifying Awards for whom the Claims Administrator determines that a W-9 is not required, the Claims Administrator will issue the Qualifying Awards within one week of making that determination. For those Class Members that the Claims Administrator determines are required to provide W-9s, the Claims Administrator will issue initial requests for W-9s within two weeks of making that determination and shall issue Qualifying Awards on a periodic rolling basis to those who return a valid W-9 or otherwise provide the required tax identification. For Class Members who do not return W-9s or otherwise provide the required tax identification in response to the initial requests, the Claims Administrator shall make subsequent requests and distribute the Qualifying Awards consistent with applicable tax law and the terms of the Settlement

Agreement.

4.   All other aspects of the Court's Final Approval Order, dated August 7, 2020, remain unchanged, and the Court retains jurisdiction over the implementation, administration, interpretation, and enforcement of the Settlement Agreement, including the collection of W-9s from Class Members and distribution of Qualifying Awards described above.

**SO ORDERED** this 5th day of October, 2020.

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**